## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HUBERT ALDAY,

    Plaintiff,

v.                                        Case No: 8:23-cv-1122-CEH-SPF

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, SWIFT
TRANSPORTATION SERVICES,
LLC, WAL-MART
TRANSPORTATION, LLC, ELIJAH
SANTIAGO and SWIFT LEASING
CO., LLC,

    Defendants.
_____

## ORDER

    This matter comes before the Court on Plaintiff Hubert Alday's Objection to Removal, Motion for Remand and Memorandum of Law in Support (Doc. 13). Plaintiff contends that this case should be remanded to state court because Defendants have not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000, the threshold for federal diversity jurisdiction. *Id.* at 1. Plaintiff's primary argument is that, because Defendants assert a "complete liability defense," they cannot meet their burden of demonstrating the minimum amount in controversy. *Id.* at 1–3. He also claims that a demand letter Defendants cite as evidence in their notice of removal was "mere puffery." *Id.* at 3.

Defendants Elijah Santiago, Swift Transportation Co. of Arizona, LLC, Swift Transportation Services, LLC, and Swift Leasing Co., LLC (the "Swift Defendants" or "Defendants")[1] cite Plaintiff's complaint, two pre-suit demand letters, evidence of past medical expenses, and opinions from healthcare providers as to future expenses as evidence that the amount in controversy is well over $75,000. Doc. 16 at 5–9. The Court, having considered the motion and being fully advised in the premises, finds that Defendants have met their burden and will deny Plaintiff's Motion to Remand.

## BACKGROUND

This case arises out of an automobile accident that occurred on July 17, 2021. Doc. 1-1 ¶ 7. On that date, a semi-trailer truck allegedly ran a stop sign and turned in front of Plaintiff, colliding with him and causing permanent injuries and severe damage to his car. *Id.* ¶¶ 9–20. On March 21, 2023, Plaintiff filed a negligence complaint in the Circuit Court, Tenth Judicial Circuit, in and for Polk County, Florida against five defendants, including the driver and four companies that he alleges may have owned the truck in question or are otherwise vicariously liable. *Id.* ¶¶ 1–46. In his Complaint, Plaintiff alleges damages in excess of $50,000. *Id.* ¶ 1. The Swift Defendants were served on May 1, 2023, and timely removed the action to this Court on May 22 based on diversity of citizenship. Doc. 1. Plaintiff now moves to remand. Doc. 13. Defendants respond. Doc. 16.

---

[1] Defendants indicate that several of the entities are incorrectly named. Doc. 16 at 1.

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, if the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala., v. Am. Tobacco Co.,* 168 F.3d 405, 411–412 (11th Cir. 1999) ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court looks to whether jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence

relevant to the amount in controversy at the time the case was removed." *Id.* "Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

## DISCUSSION

The issue before the Court is whether the removing Defendants have met their burden of showing that the amount in controversy in this case is greater than $75,000. As described below, based on Defendants' notice of removal, exhibits, response to the motion, and Plaintiff's complaint, Defendants have met their burden of establishing the amount in controversy by a preponderance of the evidence. Therefore, the Court will deny the motion for remand.

The Complaint alleges damages "in excess of $50,000.00" Doc. 1-1 ¶ 1. Because a specific amount was not pled, the Court looks to the Notice of Removal to determine if the jurisdictional amount has been met. In the notice, Defendants indicate that, based on Plaintiff's claimed injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense

4

of hospitalization, medical and nursing care and treatment, loss of ability to earn money and/or aggravation of a previously existing condition, and a pre-suit demand letter, the amount in controversy clearly exceeds $75,000. Doc. 1 ¶¶ 17–23.

To meet its burden, Defendants rely in part on two pre-suit demand letters. In the first, Plaintiff demanded $420,000.00 to settle the claims. Doc. 1-9 at 3.[2] The letter noted that Plaintiff had already incurred $69,175.62 in medical costs because of the collision, and that he continued to suffer from ongoing pain and suffering as of June 2022. *Id.* The letter indicated that the settlement figure was formulated "on the basis of medical and lost wage damages incurred by [Plaintiff], as well as extreme pain and suffering." *Id.* A subsequent letter from November 2022 demanded $400,000.00 and noted that Plaintiff continues to suffer from the effects of the collision, has ongoing dizziness and balance problems, and is seeing a neurologist. Doc. 16-2 at 1. Further, the second letter reflected that Plaintiff has been unable to work following the incident. *Id.*

Defendants' response cites several other papers and forms of evidence in opposition to remand. First, they cite the Notice of Removal, which outlines the past medical bills provided by Plaintiff at the time of removal, totaling $72,342.38. Doc. 1 at 6–7. Further, Defendants cite documents from Plaintiff's healthcare providers to argue that, based on Plaintiff's life expectancy, his past and future medical expenses

---

[2] Plaintiff notes that this demand was from another law firm (Doc. 13 at 2), but he fails to explain how that is relevant to the Court's analysis, or point out any inaccuracies or exaggeration in the demand letter.

may total more than $1,000,000.[3] Doc. 16 at 5–6. Additionally, they argue that because Plaintiff rejected a $75,000 settlement offer and has not responded to an outstanding renewed offer for the same amount, he must believe the amount in controversy is more than $75,000. *Id.* at 6–7. Separately, they argue that a year's worth of lost wages (a tax return was provided showing Plaintiff's recent adjusted gross income of $10,222 (*see* Doc. 16-4)), combined with the $72,342.48 in past medical expenses, would exceed the threshold by several thousand dollars. Doc. 16 at 7. Lastly, Defendants note that Plaintiff's Civil Cover Sheet in the state action stated that his claim was for over $100,000. *Id.* at 7–8; Doc. 1-5 at 1.

Defendants are correct that the Court may consider this evidence. A defendant seeking to remove an action to federal court "is not limited in the types of evidence it can use to establish the amount in controversy." *Sanchez v. LM General Ins. Co.,* 8:20-cv-3040-JSM-SPF, 2021 WL 2389431, *2 (M.D. Fla. June 10, 2021), citing *Pretka v. Kolter City Plaza III, Inc.,* 608 F.3d 744, 767 (11th Cir. 2010).

However, while it may be considered, a demand letter "do[es] not automatically establish the amount in controversy." *Zabic v. Verizon Wireless Svcs., LLC,* 8:15-cv-2565-

---

[3] The Court does not accept at face value Defendants' assertion that Plaintiff will incur more than $1,000,000 of future medical costs in light of his surgeon's caveat that, "[i]t is within a reasonable degree of medical certainty estimated cost of ongoing care can exceed $50,000 throughout the course of the patients life" (Doc. 1-11 at 2) and his nurse practitioners' statements that Plaintiff would benefit from certain treatments "[i]f the symptoms recur" and that he "should be evaluated for surgical intervention" only "[i]f the Lumbar Epidural Steroid Injections fail." (Doc. 1-12 at 5). Nevertheless, the Court is not prohibited from considering this and other forms of evidence in deciding whether a defendant has met its burden for establishing the amount in controversy. *Pretka v. Kolter City Plaza III, Inc.,* 608 F.3d 744, 754-755 (11th Cir. 2010).

VMC-AEP, 2015 WL 9267693 (M.D. Fla. Dec. 19, 2015). Courts must evaluate "whether the demand letter reflects puffing and posturing or whether it provides specific information to support the plaintiff's claim for damages and thus offers a reasonable assessment of the value of the claim." *Bien-Amie v. Brookdale Senior Living Inc.,* 8:21-cv-2446-VMC-AEP, 2021 WL 5028238, *2 (M.D. Fla. Oct. 29, 2021) (quotations omitted).

For a demand to be considered more than mere posturing, then, it must be supported by additional details or evidence from which a court can conclude it reflects an accurate valuation of the plaintiff's claim. For example, Defendants cite *King v. Germania Select Ins. Co.,* No. 8:23-cv-771-WFJ-MRM, 2023 WL 3141048, at *1–2 (M.D. Fla. April 28, 2023), in which the court found that: (1) a pre-suit demand letter indicating that it was Plaintiff's opinion that a reasonable settlement value for Plaintiff's claims would be "well in excess of $300,000"; (2) a medical opinion prepared for the purposes of settlement negotiations; and (3) the other categories of damages Plaintiff claimed in the complaint provided sufficient evidence for the Court to find that the amount in controversy requirement had been met, based on judicial experience and common sense. *Id.* at *2.

Here too, Defendants have sufficiently established that the amount in controversy exceeds $75,000. This is based on Plaintiff's demand letters seeking $420,000 and $400,000, combined with his medical records, past medical expenses, lost wages claim, and the other damages mentioned in the complaint.

7

First, adding Plaintiff's past medical bills of around $72,000 to the over $10,000 in lost wages claimed would already exceed $75,000. Moreover, Plaintiff's healthcare providers opine that future medical expenses alone will likely exceed $75,000.[4] Dr. Darren Li of Universal Spine & Joint Specialists reports that Plaintiff will need ongoing care that "within a reasonable degree of medical certainty . . . can exceed $50,000 throughout the patients life" as a result of the crash. Doc. 1-11 at 2–3. Nurse Practitioner Lori Rebein's report provided a medical cost projection for Plaintiff estimating $6,500.00 for lumbar steroid injections and $3,500.00 to $5,000.00 per year for ongoing chiropractic care, in addition to other expenses. Based on the evidence cited by Defendants, the Court finds that the amount in controversy requirement has been established.

And none of Plaintiff's arguments for remand are persuasive. First, he argues that Defendants' "complete liability defense" to the claims means that Defendants cannot satisfy the amount in controversy requirement, and that the case must be remanded. Doc. 13 at 2, 4. This argument, however, is not supported by legal authority and fails to cite to law or evidence. Moreover, "the amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting *McPhail v. Deere & Co.,* 529 F.3d

---

[4] The Court notes that Defendants have filed a notice titled "Suggestion of Death" indicating that Plaintiff died October 5, 2023. Doc. 22. Nevertheless, the Court believes that the minimum amount in controversy has been established by a preponderance of the evidence, even considering that the future medical expense estimates may not be accurate.

947, 956 (10th Cir. 2008)). Here, Plaintiff's past medical expenses, lost wages claim, estimated future medical expenses, and the other categories of damages listed in the complaint establish by a preponderance of the evidence that more than $75,000 will be put at issue during this litigation, excluding costs and interest. Additionally, Plaintiff's refusal of an initial $75,000 offer (to which he made a counter-offer for $400,000) and a renewed offer for $75,000, is further evidence that the amount in controversy is met. Doc. 16 at 6–7. Also, Plaintiff contends that Defendants' failure to provide a video of the accident in discovery somehow impacts the amount in controversy. Doc. 13 at 3. Defendants' alleged failure to provide certain evidence, however, appears to be a discovery issue, and Plaintiff fails to explain how it would have any bearing on the jurisdictional issue before the Court.

Plaintiff cites caselaw from this district holding that certain demand letters are insufficient to form a basis for removal and establish the minimum amount in controversy. Doc. 13 at 2. However, he fails to explain why the cases he cites are similar to the instant case, beyond stating that the pre-suit demand here "is 3 pages and does not represent an honest assessment of the value of the claim." *Id.* In lieu of explanation, Plaintiff merely concludes that the pre-suit demand is puffery. *Id.* In this case, even if the demand letters were puffery, the past medical records and documents substantiating Plaintiff's claim for lost wages provide sufficient detail and specific information in support of removal. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (demand letters and settlement offers "do not automatically establish the amount in controversy for

9

purposes of diversity jurisdiction"; rather, courts evaluate whether they "reflect puffing and posturing" or whether they provide "specific information to support the plaintiff's claim for damages") (citations omitted).

Overall, the evidence in this matter is such that "judicial experience and common sense necessitate a finding that the $75,000 amount in controversy threshold is met." *King*, 2023 WL 3141048 at *2. Thus, Defendants have met their burden, and remand of the case would be inappropriate.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Objection to Removal, Motion for Remand and Memorandum of Law in Support (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties