# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HUBERT ALDAY,

    Plaintiff,

v.                                              Case No: 8:23-cv-1122-CEH-SPF

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, SWIFT
TRANSPORTATION SERVICES,
LLC, WAL-MART
TRANSPORTATION, LLC, ELIJAH
SANTIAGO and SWIFT LEASING
CO., LLC,

    Defendants.

_____

## **ORDER**

Plaintiff Hubert Alday filed this motor vehicle negligence lawsuit in state court on March 21, 2023, and Defendants Swift Transportation Services, LLC and Swift Transportation Co. of Arizona, LLC removed it to this Court. *See* Doc. 1.

On October 30, 2023, defense counsel filed a suggestion of Plaintiff's death. Doc. 22. As Magistrate Judge Sean P. Flynn noted in an order denying a motion to withdraw filed by Plaintiff's Counsel (Doc. 27 at 2), Federal Rule of Civil Procedure 25(a) indicates that if a party dies, a motion to substitute may be made by any party or by the decedent's successor or representative within ninety days. This ninety-day period would theoretically have expired on January 29, 2024, assuming that proper service of the suggestion of death had been effectuated.

Defendants moved to dismiss this case under Rule 25(a) (Doc. 28), and their motion was denied for failure to comply with Middle District of Florida Local Rule 3.01(g). Doc. 30. Subsequently, Plaintiff's counsel filed a "Notice of Voluntary Dismissal" citing Rule 25(a). Doc. 31.

Rule 25(a)(1) provides, in relevant part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Thus, the Rule requires the Court to dismiss a case 90 days after the filing of a proper suggestion of death if two conditions are met. First, the suggestion of death must be filed on the record, which it has been here. Doc. 22; *McGuinnes v. Novartis Pharmaceuticals Corp.,* 289 F.R.D. 360, 362 (M.D. Fla. 2013).

Whether proper service has been made, however, is not clear from the docket. Specifically, Rule 25(a)(3) provides that the party that filed the suggestion must properly serve the notice in accordance with the Rule in order to start the clock on automatic dismissal of the case. *Coney v. Macon-Bibb Cnty., Georgia,* No. 5:19-CV-00145-TES, 2021 WL 1555038, at *1 (M.D. Ga. Apr. 20, 2021); *McGuinnes*, 289 F.R.D. at 362. ("the party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death, consistent with Federal Rule of Civil Procedure 4."); *see also* Fed. R. Civ. P. 25(a)(3) (requiring service of a "statement noting death" on "nonparties as provided in Rule 4").

2

Rule 25 does not specify which nonparties must be served, but courts generally agree that the representatives of the deceased plaintiff's estate or successors in interest to the claim must be served, as they are the nonparties who could prosecute the surviving claim. *See Sum v. Metro. Cas. Ins. Co.,* No. 8:21-cv-377-KKM-AAS, 2022 WL 1555873, at *1 (M.D. Fla. May 17, 2022); *Diamond Resorts Int'l, Inc. v. US Consumer Att'ys, P.A.,* No. 18-80311-CIV, 2020 WL 11423190, at *3 (S.D. Fla. Oct. 13, 2020); *Williams v. Scott,* No. 07-22617-CIV, 2011 WL 541343, at *3 (S.D. Fla. Feb. 8, 2011); *see also Powell v. United States,* 800 F. App'x 687, 705 (11th Cir. 2020) (per curiam) (noting that there was no duty to serve any estate or successor where, "by every indication[, the party] had no representatives of his estate or successors").

Here, the suggestion of death was filed on the record on October 30, 2023, more than ninety days ago, by Defendants. Doc. 22. Defendants made no separate filing regarding service of the suggestion of death. In a subsequently filed motion to withdraw, Plaintiff's attorney noted that Katherine R. Newell had been appointed as personal representative of Plaintiff's estate pursuant to his will. *See* Doc. 26. However, neither he nor Defendants indicate whether the personal representative or any other successors were properly served with the suggestion of death, or whether other such successors or interested parties exist. Nor does Plaintiff's counsel do so in his notice of voluntary dismissal. Doc. 31.

Therefore, Defendants are hereby **ORDERED** to file a written response within **FOURTEEN (14) DAYS** of this order indicating whether the personal representative

3

of Plaintiff's estate (or any other relevant non-parties) were properly served with the suggestion of death pursuant to Fed. R. Civ. P. 25(a).

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties